Craig Solomon Ganz (SBN 217254)
ganzc@ballardspahr.com
Michael S. Myers (SBN 305011)
myersm@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Tel: 424.204.4400 | Fax: 424.204.4350

*Attorneys for Western Alliance Bank*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>ANDREW STUPIN and JULIE STUPIN,<br><br><br><br>Debtors.<br>WESTERN ALLIANCE BANK, an<br>Arizona Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CANTOR GROUP V, LLC, a Delaware<br>Limited Liability Company, GERALD J.<br>MARCIL, an individual, and ANDREW<br>STUPIN, an individual,<br><br>Defendants. | Case No.: 8:26-bk-11202-sc<br><br>Adversary Case No. 8:26-ap-01076<br><br>Chapter 11<br><br>**PLAINTIFF WESTERN ALLIANCE BANK NOTICE OF MOTION AND MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:<br><br>Date: August 26, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 5C<br>411 West Fourth Street<br>Santa Ana, CA, 92701 |

**PLEASE TAKE NOTICE TO THE HONORABLE COURT, THE DEBTORS AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on August 26, 2026, at 1:30 p.m., or as soon thereafter as this matter may be heard, before the Honorable Scott C. Clarkson, United States Bankruptcy Judge, in Courtroom 5C of the United States Bankruptcy Court for the Central District of California, Santa Ana Division, located at 411 West Fourth Street, Santa Ana, California 92701, Western

#4919-1718-3167 v4

1

WESTERN ALLIANCE BANK'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE
COURT

Alliance Bank, will and hereby does move this Court pursuant to 28 U.S.C. §§ 1452(b) and 1334(c) for entry of an order:

1.    Remanding to the Los Angeles Superior Court all claims removed to this Court from the action entitled *Western Alliance Bank v. Cantor Group V, LLC.*, Los Angeles Superior Court Case No. 25STCV24263 (the "State Court Action"), pursuant to 28 U.S.C. §§ 1334(c)(1) and 1452(b), on grounds of equitable remand and permissive abstention.

2.    Alternatively, remanding all claims asserted against Gerald J. Marcil, an individual, for lack of subject matter jurisdiction and/or on equitable grounds.

**PLEASE TAKE FURTHER NOTICE THAT** that this Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declarations of Michael S. Myers and Al Thuma, and all pleadings and papers on file in this bankruptcy case and the State Court Action, and upon such further evidence and argument as may be presented at or before the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE THAT** parties may attend the hearing via ZoomGov or in-person. Instructions for attendance via ZoomGov are available on the Court's website:    https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson,    and    updated ZoomGov instructions are posted on the Court's tentative ruling on or around the day before the hearing date, which will be available here: https://ecf-ciao.cacb.uscourts.gov/CiaoPosted/ (to see the tentative ruling, click "Select Judge" and then click "(SC) Scott Clarkson") and then click the subject hearing date).

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to Local Bankruptcy Rule ("LBR") 9013-1(f), each interested party opposing or responding to the Motion must file and serve the response on the moving party not later than 14 days before the date designated for hearing. Failure to timely file a response to the Motion may be deemed as your consent to the granting of the relief requested in the Motion. *See* LBR 9013-1(h)

Dated: July 27, 2026

#4919-1718-3167 v4                                           2

WESTERN ALLIANCE BANK'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

By: /s/ *Michael S. Myers*
Craig Solomon Ganz
Michael S. Myers
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

*Attorneys for Western Alliance Bank*

WESTERN ALLIANCE BANK'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE
COURT

## **TABLE OF CONTENTS**

I.      INTRODUCTION.................................................................................................7

II.     BACKGROUND FACTS .....................................................................................9

        A.      The Revolving Credit Facility Extended by WAB ...................................9

        B.      The State Court Action.............................................................................10

        C.      The Debtor's Bankruptcy Filing ..............................................................11

        D.      Notice of Removal ....................................................................................11

        E.      This Court Subsequently Remanded a Parallel Removed Action Involving

                the Same Debtors. .....................................................................................12

III.    ALL CLAIMS FROM THE STATE COURT ACTION SHOULD BE
        REMANDED .....................................................................................................12

        A.      Legal Standard For Remand On Equitable Grounds.................................12

        B.      The Relevant Equitable Factors Weigh in Favor of Remand...................13

                1.      Remand Promotes Efficiency in Proceedings (Factors 1, 9).....................13

                2.      State Law Predominates and Comity Favors Remand (Factors 2, 3,
                        13)......................................................................................15

                3.      A Related Proceeding Is Still Ongoing Before The Referee (Factor
                        4)........................................................................................16

                4.      The Claims Are Non-Core And Not Bankruptcy-Related (Factors
                        6, 7)....................................................................................16

                5.      State Law Claims Are Readily Severable (Factor 8) ...............................17

                6.      Non-Debtor Would Be Prejudiced (Factors 12, 14)..................................17

IV.     PERMISSIVE ABSTENTION UNDER 28 U.S.C. § 1334(C)(1) IS ALSO
        WARRANTED ..................................................................................................18

V.      ALTERNATIVELY THE CLAIMS BETWEEN WAB AND GERALD J.
        MARCIL MUST BE REMANDED ...................................................................19

        A.      There Is No Subject Matter Jurisdiction..................................................19

        B.      There Is No Credible Risk Of Collateral Estoppel Or Issue Preclusion ...............21

        C.      The Court Should Decline To Adjudicate Marcil's Claims.....................22

VI.     CONCLUSION ..................................................................................................23

WESTERN ALLIANCE BANK'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE
COURT

# TABLE OF AUTHORITIES

*Cases*

*Allen Cnty. Bank & Trust Co. v. Valvmatic Int'l Corp.,*
  51 B.R. 578 (N.D. Ind. 1985) ...............................................................................................17

*Atl. Marine Constr. Co. v. U.S. Dist. Court,*
  571 U.S. 49 (2013) ...............................................................................................................22

*Beard v. Braunstein,*
  914 F.2d 434 (3d Cir. 1990) .................................................................................................16

*Bethlahmy v. Kuhlman (In re ACI-HDT Supply Co.),*
  205 B.R. 231 (B.A.P. 9th Cir. 1997) ....................................................................................20

*Boucher v. Shaw,*
  572 F.3d 1087 (9th Cir. 2009) ..............................................................................................16

*Cabana v. Rodrigues (In re People's Choice Home Loan),*
  No. 8:07-10765-RK, 2007 WL 9637067 (Bankr. C.D. Cal. Oct 29, 2007) ..........................17

*Citigroup, Inc. v. Pac. Inv. Mgmt. Co. (In re Enron Corp.),*
  296 B.R. 505 (C.D. Cal. 2003). ......................................................................................13, 15

*City of Moreno Valley v. Century-TCI Cal., L.P.,*
  No. EDCV02-1387-VAP(SGLX), 2003 WL 22126450 (C.D. Cal. Mar. 21, 2003). ..............17

*Corral v. Select Portfolio Servicing, Inc.,*
  878 F.3d 770 (9th Cir. 2017). ...............................................................................................19

*DKN Holdings LLC v. Faerber,*
  61 Cal. 4th 813 (2015). ........................................................................................................21

*First Nat'l Bank of Westminster v. Rarick (In re Rarick),*
  132 B.R. 47, (D. Colo. 1991)................................................................................................15

*Gaus v. Miles, Inc.,*
  980 F.2d 564 (9th Cir. 1992). ...............................................................................................19

*Great Western Bank v. Clear Vision Express Tucson 2 LLC,*
  No. CV-21-00883-PHX-MTL, 2021 WL 4593073 .................................................................22

*Grogan v. Garner,*
  498 U.S. 279, (1991) ............................................................................................................14

*In re 9821 Shore Rd. Owners Corp.,*
   B.R. 676 (Bankr. E.D.N.Y. 1997) .........................................................................................13

*In re Eastport Assocs.,*
  935 F.2d 1071 (9th Cir. 1991) ..............................................................................................18

*In re Fietz,*
  852 F.2d 455 (9th Cir. 1988) ................................................................................................19

*In re People's Choice Home Loan,*

WESTERN ALLIANCE BANK'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE
COURT

No. 8:07-bk-10765-RK, 2007 WL 9637067 (Bankr. C.D. Cal. Oct. 29, 2007).........................15

*In re Tucson Estates, Inc.*,
  912 F.2d 1162 (9th Cir. 1990). ..................................................................................18

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994), .................................................................................................19

*McCarthy v. Prince (In re McCarthy)*,
  230 B.R. 414,(B.A.P. 9th Cir. 1999). ................................................................... 12, 21

*Merriman v. Fattorini (In re Merriman)*,
  616 B.R. 381 (B.A.P. 9th Cir. 2020) ...........................................................................14

*Nilsen v. Neilson (In re Cedar Funding, Inc.)*,
  419 B.R. 807 (B.A.P. 9th Cir. 2009) ...........................................................................13

*Pacor, Inc. v. Higgins*,
  743 F.2d 984 (3d Cir. 1984) ................................................................................ 19, 20

*People v. PG & E Corp. (In re Pacific Gas & Elec. Co.)*,
  281 B.R. (N.D. Cal. 2002).........................................................................................16

*Pimbo Corp. v. Castlerock Props. (In re Castlerock Props.)*,
  781 F.2d 159 (9th Cir. 1986) .....................................................................................18

*Queenie, Ltd. v. Nygard Int'l*,
  321 F.3d 282 (2d Cir. 2003). .....................................................................................21

*Security Farms v. Int'l Bhd. of Teamsters*,
  124 F.3d 999 (9th Cir. 1997) .....................................................................................16

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
  447 B.R. 302 (C.D. Cal. 2010) ..................................................................................13

*TIG Ins. Co. v. Smolker (In re Tig Ins. Co.)*,
  264 B.R. 661 (Bankr. C.D. Cal. 2001) .......................................................................20

*Underhill v. Royal*,
  769 F.2d 1426 (9th Cir. 1985) ...................................................................................20

*Western Helicopters, Inc. v. Hiller Aviation, Inc.*,
  97 B.R. 1 (E.D. Cal. 1988) ........................................................................................17

**Statutes**
28 U.S.C. § 1334 ...........................................................................................................12

28 U.S.C. § 1334 (b) .....................................................................................................19

28 U.S.C. § 1334 (c)(1) .................................................................................................18

28 U.S.C. § 1452(b) ................................................................................................ 12, 18

28 U.S.C. § 157(c)(1) ....................................................................................................16

WESTERN ALLIANCE BANK'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE
COURT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This Motion seeks to remedy Defendant Andrew Stupin's selective removal of only a portion of a mature California commercial action, thereby fragmenting a single dispute into parallel proceedings before two separate tribunals. Nearly a year after Western Alliance Bank ("WAB") commenced suit in the Los Angeles Superior Court, after that court appointed a receiver, moved the case toward a merits determination by managing the timing for a hearing on WAB's Motion for Summary Adjudication, and enforced the parties' contractual judicial-reference provision by appointing the Honorable Candace Cooper (Ret.) as Judicial Referee, Stupin removed only WAB's guaranty claims against himself and co-defendant Gerald J. Marcil ("Marcil" and, together with Stupin, the "Guarantors"). The removal left WAB's claims against Cantor Group V, LLC ("Borrower") pending before the Judicial Referee, while proceedings against Stupin had not been referred because they were subject to the automatic stay.

Borrower and the Guarantors are defendants in the underlying state-court action. The action arises from a $100 million warehouse revolving credit facility extended by WAB to Borrower (the "Loan"). After Borrower materially defaulted under the governing loan documents (the "Loan Documents"), and the Guarantors failed to satisfy their obligations under their respective commercial guaranties (the "Guaranty Agreements"), WAB commenced the State Court Action seeking to enforce the Loan Documents, the Guaranty Agreements, and obtain related relief.

The Guaranty Agreements contain two provisions central to this Motion. First, they require that disputes arising under the Guaranty Agreements and Loan Documents be resolved through a judicial-reference proceeding pursuant to California Code of Civil Procedure § 638. Consistent with that agreement, the Los Angeles Superior Court granted WAB's motion to compel judicial reference and appointed Hon. Candace Cooper (Ret.) to preside over the claims against Borrower and Marcil, while excluding claims against Stupin while the stay remained in effect. The Superior Court also managed WAB's Motion for Summary Adjudication, which sought adjudication of WAB's breach of contract claims against Borrower and breach of guaranty claims against Stupin and Marcil. That motion was originally set for hearing on April 20, 2026. At Stupin's request,

however, the Superior Court granted an *ex-parte* application continuing the hearing to August 19, 2026 to permit additional discovery. Only after obtaining that relief from the Superior Court—and after the Superior Court appointed the Judicial Referee—did Stupin file his Notice of Removal, removing only WAB's breach of guaranty and declaratory relief claims against the Guarantors while leaving WAB's claims against Borrower pending before the Judicial Referee. Second, the Guaranty Agreements establish that each Guarantor's obligations are separate and independent, permitting WAB to pursue each Guarantor regardless of whether claims are asserted against Borrower or any other guarantor.

The result serves no legitimate bankruptcy purpose. Rather than consolidating litigation, the Notice of Removal guarantees duplicative proceedings. This Court and the Judicial Referee would each be required to interpret the same Loan Documents, evaluate the same alleged Events of Default, hear many of the same witnesses, and resolve overlapping factual and legal issues arising from the same lending relationship. Because Borrower was never removed, this Court cannot consolidate the dispute into a single proceeding even if it retains jurisdiction. Retention therefore creates (not eliminates) the inefficiency that equitable remand is designed to prevent.

Nor would remand interfere with the administration of this Chapter 11 case. The removed claims arise exclusively under California law and concern pre-petition contractual obligations. Remand would simply permit the California courts to determine the parties' rights and liabilities under applicable state law, while this Court retains exclusive authority over claims allowance, plan confirmation, distributions, and enforcement of the automatic stay. Thus, remand restores the procedural posture that existed before the selective removal without diminishing this Court's authority over the bankruptcy estate.

Just weeks ago, this Court addressed materially similar circumstances in *Zions Bancorporation, N.A. d/b/a California Bank & Trust v. Andrew Stupin, et al.*, Adv. No. 8:26-ap-01060-SC. There, as here, Stupin selectively removed only a portion of a mature Los Angeles Superior Court action (similarly, claims against Stupin and Marcil), leaving related state-law claims pending before the state court. The Court concluded that equitable remand was appropriate because the removal fragmented a single dispute into parallel proceedings and undermined the

WESTERN ALLIANCE BANK'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE
COURT

efficient adjudication of overlapping state-law claims. The same reasoning applies with equal force here.

Accordingly, the Court should exercise its broad authority under 28 U.S.C. § 1452(b) and remand the removed claims to the Los Angeles Superior Court. Alternatively, if the Court declines to remand the action in its entirety, it should remand all claims against Marcil because those claims fall outside this Court's bankruptcy jurisdiction and, in any event, overwhelmingly satisfy the equitable standards for remand.

## II.     BACKGROUND FACTS

### A.     The Revolving Credit Facility Extended by WAB

On October 28, 2024, WAB extended a $100 million warehouse revolving credit facility (the "Loan") to Cantor Group V, LLC ("Borrower") (Declaration of Al Thuma ("Thuma Decl." ¶ 2). The Loan is governed by a Second Amended & Restated Business Loan and Security Agreement, as amended on July 18, 2025 (the "BLSA" or "Loan Agreement"), a Promissory Note, and other loan documents (collectively, the "Loan Documents"). (Thuma Decl. ¶ 2, Ex.1.)

As additional security for the Loan, Stupin and Marcil each executed separate Amended and Restated Commercial Guaranties in favor of WAB (collectively, "Guaranty Agreements"). (Thuma Decl. ¶ 3, Ex. 2.)

Under the Guaranty Agreements, each Guarantor absolutely and unconditionally guaranteed payment and performance of all obligations owed by the Borrower to WAB under the Loan Documents. (Thuma Decl. ¶ 4, Ex. 2.) The Guaranty Agreements further provide that each Guarantor's obligations are independent of the obligations of Borrower and any other guarantor, regardless of whether claims are asserted against the Borrower or any other guarantor (Thuma Decl. ¶ 4, Ex. 2.) The Guaranty Agreements also define "Additional Guaranteed Obligations" to include, among other things, losses incurred by WAB arising from: (i) fraud or intentional misrepresentation by Borrower or its officers/agents in connection with the Loan Documents or any certifications or warranties; (ii) misapplication of collections or other amounts relating to the Collateral; (iii) failure to deliver or grant a valid security interest in Collateral; and (iv) sales/transfers/encumbrances of Collateral in violation of the Loan Documents. (Thuma Decl.

WESTERN ALLIANCE BANK'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

¶ 5, Ex. 2.) The Guaranty Agreements also expressly contain extensive waivers, including waivers of all rights of subrogation, reimbursement, indemnification, and contribution. (Thuma Decl. ¶ 6, Ex. 2.). The Guaranty Agreements further provide that each Guarantor's obligations survive collateral actions and are not affected by WAB's enforcement of its rights against the collateral. (*Id*.)

Shortly after the Loan closed, WAB discovered that Borrower had materially breached the Loan Documents by engaging in fraudulent conduct affecting the pledged collateral, including material misrepresentations regarding the validity and priority of the security interests securing the Loan. (Thuma Decl. ¶ 7.) These acts constituted multiple Events of Default under the Loan Documents, triggered the Guarantors' obligations under their respective Guaranty Agreements, and resulted in WAB commencing the State Court Action. (Thuma Decl. ¶ 6, Ex. 2.)

**B.      The State Court Action**

Following Borrower's defaults under the Loan Documents and the Guarantors' failure to satisfy their obligations under the Guaranty Agreements, WAB commenced the State Court Action on August 18, 2025, in Los Angeles Superior Court. The complaint asserts claims against Borrower arising under the Loan Documents and claims against Stupin and Marcil arising under their respective Guaranty Agreements.  (Declaration of Michael S. Myers, ("Myers Decl.") ¶ 2, Ex. 1.)

The State Court action proceeded for approximately ten months before Stupin's removal. During that time, the Superior Court devoted substantial judicial resources to contested receivership proceedings and ultimately entered an order appointing a receiver. (Myers Decl. ¶ 3, Ex. 2). On December 24, 2025, WAB filed a Motion for Summary Adjudication seeking judgment against Borrower on its breach of contract claim and against Stupin and Marcil on WAB's breach of guaranty claims. (Myers Decl. ¶ 3, Ex. 3) The motion was originally noticed for hearing on April 20, 2026. Thereafter, on March 10, 2026, Stupin sought *ex parte* relief continuing the hearing to permit additional discovery, and the Superior Court granted the application, continuing the hearing to August 19, 2026. (Myers Decl. ¶ 3)

The Superior Court also granted WAB's Motion to Compel Judicial Reference and

appointed the Honorable Candace Cooper (Ret.) as Judicial Referee pursuant to California Code of Civil Procedure § 638 as to claims against Marcil and Borrower, given those claims were not stayed by Stupin's bankruptcy filing. (Myers Decl. ¶ 4, Ex. 4.)

On June 25, 2026, shortly after the Court granted the Motion to Compel Judicial Reference, Stupin filed the Notice of Removal ("Notice of Removal") removing only WAB's Breach of Guaranty and Declaratory Relief claims against Stupin and Marcil, while leaving WAB's remaining claims against Borrower pending before the State Court. (Myers Decl. ¶ 5, Ex. 5.)

### C.    The Debtor's Bankruptcy Filing

On April 17, 2026 (the "Petition Date"), nearly eight months after WAB commenced the State Court Action, Andrew Stupin and his wife ("Debtors") filed voluntary petitions for relief under Chapter 11. (Myers Decl. ¶ 6.) Following the bankruptcy, Borrower filed a Motion to Stay proceedings in the State Court Action based on the bankruptcy actions, WAB opposed the requested stay, and Borrower withdrew the Motion on July 2, 2026—shortly after the Notice of Removal. (Myers Decl. ¶ 7, Ex. 6.)

### D.    Notice of Removal

Debtors did not file their Notice of Removal of the State Court Action until June 25, 2026— more than two months after the Petition Date. The Notice of Removal did not remove the entire State Court Action. Instead, Stupin selectively removed: (i) WAB's claims for Breach of Guaranty and for Declaratory Relief against Andrew Stupin; and (ii) WAB's claims for Breach of Guaranty and for Declaratory Relief against co-defendant Gerald J. Marcil. (Myers Decl. ¶ 8, Ex. 5 at 3:6–9.)

Notably, the Notice of Removal did not remove WAB's claims against Borrower (Myers Decl. ¶ 9, Ex. 5 at 3:10-12.) As a result, substantial portions of the State Court Action remain pending before the Referee, who presides over the ongoing proceedings.

The Notice of Removal therefore fractured an already advanced proceeding into parallel actions pending simultaneously before two separate tribunals. The removed claims and the claims remaining in state court arise from the same Loan Documents and Guaranty Agreements (Myers Decl. ¶ 10.)

**E.**      **This Court Subsequently Remanded a Parallel Removed Action Involving the Same Debtors.**

After the Notice of Removal was filed in this action, this Court entered an order remanding another adversary proceeding arising from the same Chapter 11 case. In *Zions Bancorporation, N.A. dba California Bank & Trust v. Andrew Stupin, et al.*, Adv. No. 8:26-ap-01060-SC, this Court granted Zions' motion to remand claims that had been selectively removed from a pending Los Angeles Superior Court action involving both Stupin and Marcil. (*See* Order Granting Plaintiff Zions Bancorporation, N.A.'s Motion for Order Remanding Removed Claims to State Court, Adv. No. 8:26-ap-01060-SC, Dkt. No. 33 at 1-2).

In doing so, this Court concluded that the selective removal had fractured a pending state-court action into parallel proceedings involving overlapping lending transactions, guaranties, defenses, and crossclaims, and held that equitable remand under 28 U.S.C. § 1452(b) was appropriate because remand returned the removed claims to the forum already adjudicating the overlapping state-law claims while preserving the bankruptcy court's authority over claims allowance and bankruptcy-specific issues. (*Id.*, Dkt. No. 33 at 9–12).

**III.** **ALL CLAIMS FROM THE STATE COURT ACTION SHOULD BE REMANDED**

**A.** **Legal Standard For Remand On Equitable Grounds**

Under 28 U.S.C. § 1452(b), a court may remand any "claim or cause of action" removed under the bankruptcy removal statute "on any equitable ground." This provision confers "an unusually broad grant of authority" that "subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *McCarthy v. Prince (In re McCarthy),* 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999). Whether to remand under Section 1452(b) is committed to the bankruptcy court's sound discretion. *Id.*

Courts evaluating equitable remand consider a nonexclusive set of factors, including: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate; (3) the difficult or unsettled nature of the applicable law; (4) the presence of related proceedings in state court; (5) the existence of a jurisdictional basis other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the bankruptcy case; (7)

the substance rather than the form of any asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters; (9) the burden on the bankruptcy court's docket; (10) the likelihood of forum shopping; (11) the existence of a right to jury trial; (12) the presence of non-debtor parties; (13) principles of comity; and (14) the possibility of prejudice to other parties. *Nilsen v. Neilson (In re Cedar Funding, Inc.)*, 419 B.R. 807, 820 n.18 (B.A.P. 9th Cir. 2009); *see also Citigroup, Inc. v. Pac. Inv. Mgmt. Co. (In re Enron Corp.)*, 296 B.R. 505, 508 n.2 (C.D. Cal. 2003).

As discussed below, the relevant equitable factors weigh in favor of remand.

### B.    The Relevant Equitable Factors Weigh in Favor of Remand

The moving party need not establish that all—or even most—equitable-remand factors support remand. Rather, "[b]ecause Section 1452(b) affords an unusually broad grant of authority, any one of the relevant factors may provide a sufficient basis for equitable remand." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 311 (C.D. Cal. 2010) (citation omitted). Here, however, multiple relevant equitable factors weigh in favor of remand.

### 1.    Remand Promotes Efficiency in Proceedings (Factors 1, 9)

Remand promotes the efficient administration of this bankruptcy case because the Notice of Removal fractured a single, mature state-court action into parallel proceedings pending before two separate tribunals. The removed and nonremoved claims arise from the same Loan Documents, the same Guaranty Agreements, the same alleged Events of Default, and substantially the same witnesses and evidence. Unless remanded, this Court and the Judicial Referee will be required to interpret the same contracts, resolve overlapping factual disputes, and consider many of the same defenses arising from the same lending relationship.

The Superior Court has already devoted substantial judicial resources to this dispute. Before removal, it presided over extensive receivership proceedings, entered an order appointing a receiver, enforced the parties' contractual judicial-reference provision, and appointed the Honorable Candace Cooper (Ret.) to serve as Judicial Referee. Retaining the removed guaranty claims therefore would not consolidate the litigation into a single forum—it would instead require two tribunals to adjudicate overlapping issues arising from the same transactions. *See In re 9821*

WESTERN ALLIANCE BANK'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

*Shore Rd. Owners Corp.*, 214 B.R. 676, 696 (Bankr. E.D.N.Y. 1997) ("Indeed, the expertise of the State Court would certainly effect a more efficient estate administration since state court judges are very familiar with the [state] law which addresses claims such as breach of fiduciary duty and fraud."). Moreover, WAB filed a Motion for Summary Adjudication directed to Borrower's breach of the Loan Documents and the Guarantors' liability under the Guaranty Agreements. At Stupin's request, the Superior Court continued the hearing from April 20, 2026 to August 19, 2026. The removal was filed only after the Superior Court had managed that motion and after judicial reference had been ordered. Remand therefore avoids requiring this Court to duplicate the substantial work already invested in preparing the case for adjudication on the merits.

Remand likewise will not interfere with the administration of the bankruptcy estate. The State Court Action will determine the parties' respective rights and liabilities under California law, while this Court retains exclusive authority over claims allowance, plan confirmation, distributions, and enforcement of the automatic stay. *See Merriman v. Fattorini (In re Merriman)*, 616 B.R. 381, 387 (B.A.P. 9th Cir. 2020) (affirming relief from stay to permit litigation of a state-court action while preserving the stay as to enforcement of any resulting judgment). The merits of WAB's claims are governed by nonbankruptcy law. *Grogan v. Garner*, 498 U.S. 279, 283 (1991) ("The validity of a creditor's claim is determined by rules of state law."). Accordingly, remand would simply liquidate and fix the amount of WAB's claims, while leaving issues concerning allowance, priority, distribution, and administration of the estate to this Court.

Finally, Stupin's own Notice of Removal contends that his and Marcil's "identical defenses" should be heard by the "same tribunal." (Notice of Removal, 4.) WAB agrees. That tribunal, however, is the Los Angeles Superior Court. The Superior Court has presided over this litigation since August 2025, appointed a receiver, compelled judicial reference, and continues to oversee the remaining claims against Borrower through the Judicial Referee. Because Marcil is not a debtor and Borrower remains before the Referee, retaining only the removed guaranty claims would guarantee—not avoid—duplicative litigation. Remand returns the entire dispute to the forum already adjudicating the remaining claims while preserving this Court's exclusive jurisdiction over bankruptcy-specific matters.

WESTERN ALLIANCE BANK'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

### 2.   State Law Predominates and Comity Favors Remand (Factors 2, 3, 13)

The removed claims arise exclusively under California law. WAB seeks to enforce the Loan Documents and the Guaranty Agreements, and the parties' respective rights and obligations are governed entirely by California contract and commercial law. No federal cause of action is asserted, nor does resolution of the removed claims require the interpretation of any substantive provision of the Bankruptcy Code. Accordingly, state law overwhelmingly predominates. *See In re People's Choice Home Loan*, No. 8:07-bk-10765-RK, 2007 WL 9637067, at *2 (Bankr. C.D. Cal. Oct. 29, 2007) ("State law issues predominate in this case since plaintiffs' causes of action in the first amended complaint are based on state law."); *In re Enron Corp.*, 296 B.R. at 509 ("Comity dictates that California courts should have the right to adjudicate the exclusively state law claims involving California-centric plaintiffs and California-centric transactions.").

Comity considerations are even more compelling because the parties expressly agreed that "all issues of fact or law" arising under the Guaranty Agreements would be resolved through a California judicial-reference proceeding before a Referee. (Thuma Decl. ¶ 3, Ex. 2.) The Los Angeles Superior Court has already enforced that contractual dispute-resolution provision by granting WAB's motion to compel judicial reference and appointing the Honorable Candace Cooper (Ret.) as Judicial Referee. (Myers Decl. ¶ 4, Ex. 4.) Under the Judicial Reference Order, the Referee is authorized to adjudicate all issues except the receivership proceedings and matters involving Stupin while the automatic stay remains in effect. (Myers Decl. ¶ 2, Ex. 4 at 7.) Retaining the removed claims would therefore disrupt a dispute-resolution process that the parties selected by contract and that the Superior Court has already implemented. Remand, by contrast, preserves the parties' agreed-upon forum while allowing this Court to retain exclusive authority over bankruptcy-specific matters.

These considerations strongly favor remand. "It would disregard the interest of comity for a federal court to usurp the role of the state court to decide questions of state law where there is no basis of federal jurisdiction other than the bankruptcy code." *First Nat'l Bank of Westminster v. Rarick (In re Rarick)*, 132 B.R. 47, 52 (D. Colo. 1991).

WESTERN ALLIANCE BANK'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

### 3.    A Related Proceeding Is Still Ongoing Before The Referee (Factor 4)

The Notice of Removal did not remove the entire State Court Action. Instead, significant claims remain pending before the Referee.  As a result, the removal fractured a single state-court action into parallel proceedings involving the same Loan Documents, Guaranty Agreements, witnesses, evidence and underlying facts.

That circumstance weighs heavily in favor of remand. Maintaining federal jurisdiction over only part of the State Court Action creates a substantial risk of duplicative litigation, inconsistent rulings, inefficiency, and unnecessary expense. Many of the same witnesses, documents, defenses, and legal issues will necessarily be litigated in both proceedings. By contrast, remand would permit the already-appointed Referee to resolve the related disputes in a coordinated manner. *See People v. PG & E Corp. (In re Pacific Gas & Elec. Co.)*, 281 B.R. 1, 13 (N.D. Cal. 2002) ("remand avoids similar litigation in multiple fora and promotes the goals of judicial efficiency").

### 4.    The Claims Are Non-Core And Not Bankruptcy-Related (Factors 6, 7)

The claims in the State Court Action neither arise under the Bankruptcy Code nor depend on bankruptcy law for their existence. Rather, they are traditional state-law contract and commercial claims that could—and did—proceed entirely outside of bankruptcy court. *See Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997) ("Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'"). The sole connection between the State Court Action and this bankruptcy case is that Andrew Stupin subsequently filed for bankruptcy protection. But that circumstance alone is insufficient to convert these state-law contract and guaranty claims into core bankruptcy proceedings. *See Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009) (automatic stay generally does not extend to "guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor").

Moreover, because the claims are non-core, this Court may not enter final judgment absent the consent of all parties, which WAB does not provide. *See* 28 U.S.C. § 157(c)(1); *Beard v. Braunstein*, 914 F.2d 434, 445 (3d Cir. 1990) (action "involving pre-petition contracts, allegedly

#4919-1718-3167 v4                                    16

WESTERN ALLIANCE BANK'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

breached both before and after the filing of the petition, is entirely a non-core matter"). Any proposed findings and conclusions issued by this Court would therefore remain subject to de novo review by the district court, creating an additional layer of litigation and inefficiency. *See City of Moreno Valley v. Century-TCI Cal., L.P., N*o. EDCV02-1387-VAP(SGLX), 2003 WL 22126450, at *3 (C.D. Cal. Mar. 21, 2003).

### 5.    State Law Claims Are Readily Severable (Factor 8)

The claims asserted in the State Court Action can readily be adjudicated by the Referee without interfering with the administration of this bankruptcy case. Indeed, the dispute concerns exclusively state-law issues arising from prepetition guaranty agreements and related commercial transactions. No bankruptcy-specific issue requires this Court's immediate adjudication or supervision.

Moreover, WAB has already filed a proof of claim in this bankruptcy case, providing a straightforward procedural mechanism to administer any allowed claim without requiring the entire dispute to remain before this Court. Remand would therefore permit the Referee to liquidate the parties' state-law claims while preserving this Court's authority over claims administration and other core bankruptcy matters as necessary.

### 6.    Debtors Are Engaging in Forum Shopping (Factor 10)

Debtors removed this case more than two months after the Petition Date, allowing the State Court Action to proceed amongst the non-debtor parties. Debtors only removed the action two weeks following the entry of the Order Appointing Judicial Referee. Moreover, Borrower's withdrawal of its motion to stay in the State Court Action following the Notice of Removal suggests a coordinated effort amongst Borrower and Guarantors to frustrate WAB's litigation efforts and forum shop.

### 7.    Non-Debtor Would Be Prejudiced (Factors 12, 14)

The State Court Action involves the rights and liabilities of non-debtor Marcil and the presence of non-debtor parties strongly favors remand. *See Cabana v. Rodrigues (In re People's Choice Home Loan),* No. 8:07-10765-RK, 2007 WL 9637067, at *2 (Bankr. C.D. Cal. Oct 29, 2007) (ordering remand where "[m]ost of the parties [were] nondebtor parties"*).* Absent remand,

this Court would be required to adjudicate non-bankruptcy disputes governed exclusively by state law between parties who are not debtors in this bankruptcy case. Courts routinely recognize that bankruptcy courts should avoid becoming the principal forum for resolving such disputes. *Western Helicopters, Inc. v. Hiller Aviation, Inc.,* 97 B.R. 1, 6 (E.D. Cal. 1988) ("The courts have uniformly held that a bankruptcy court should avoid such a situation.")

Retention of the removed claims would also prejudice the non-debtor parties by forcing them to litigate overlapping disputes simultaneously in two forums. Requiring the non-debtor parties to restart that process in bankruptcy court would impose unnecessary expense, delay, and inefficiency. *Allen Cnty. Bank & Trust Co. v. Valvmatic Int'l Corp.,* 51 B.R. 578, 582 (N.D. Ind. 1985) ("Retention could prejudice the involuntarily removed parties . . . as delay is sure to occur as another court must familiarize itself with the case and find time in its schedule to try the case."); *Pimbo Corp. v. Castlerock Props. (In re Castlerock Props.)*, 781 F.2d 159, 163 (9th Cir. 1986) ("A clear congressional policy exists to give state law claimants a right to have claims heard in state court.").

In sum, every relevant equitable factor supports remanding all claims from the State Court Action back to the Los Angeles Superior Court. Here, the Court should exercise its broad discretion under section 1452(b) and remand the State Court Action in its entirety.

## IV. **PERMISSIVE ABSTENTION UNDER 28 U.S.C. § 1334(C)(1) IS ALSO WARRANTED**

Independent of remand, the Court should exercise its discretion to abstain pursuant to 28 U.S.C. § 1334(c)(1). Under that provision, a bankruptcy court may abstain from hearing a proceeding in the interest of justice, comity, or respect for state law. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166-67 (9th Cir. 1990). The Ninth Circuit has identified twelve factors relevant to permissive abstention, which are the same twelve factors discussed above in connection with equitable remand. *Id.* at 1167 (first 12 factors apply to discretionary abstention); *In re Eastport Assocs.*, 935 F.2d 1071, 1075-76 (9th Cir. 1991) (same).

For the reasons set forth in Sections III above, those factors overwhelmingly favor

abstention. This dispute is governed by California law, presents no substantive bankruptcy issues, and is, at most, only remotely related to the administration of these Chapter 11 cases. The litigation has been actively prosecuted for almost one year. A related proceeding remains pending before that same referee involving overlapping parties, claims, witnesses, and defenses, making abstention necessary to avoid duplicative litigation, inconsistent rulings, and unnecessary expense. The claims are non-core, readily severable from any bankruptcy matters, involve non-debtor parties, and can be liquidated in the state-court forum without impacting this Court's authority over claims administration.

Accordingly, the Court should remand the State Court Action pursuant to 28 U.S.C. § 1452(b) and, in addition, can also exercise its discretion to abstain from hearing the removed claims pursuant to 28 U.S.C. § 1334(c)(1).

## V.   ALTERNATIVELY THE CLAIMS BETWEEN WAB AND GERALD J. MARCIL MUST BE REMANDED

### A.   There Is No Subject Matter Jurisdiction

Even if the Court declines to remand the State Court Action in its entirety, it must remand the claims between WAB and Marcil because this Court lacks subject matter jurisdiction over those claims. "Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and there is a "'strong presumption' against removal jurisdiction," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. The removing party bears the burden of establishing federal jurisdiction. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773-74 (9th Cir. 2017).

The only potential basis for this Court's jurisdiction over the claims between WAB and Marcil is "related to" jurisdiction under 28 U.S.C. § 1334(b). A proceeding is "related to" a bankruptcy case only if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis omitted); *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting *Pacor* test in Ninth Circuit). Put differently, "[a]n action is related to bankruptcy if the outcome could alter the debtor's

WESTERN ALLIANCE BANK'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor*, 743 F.2d at 994. WAB's breach of guaranty claim against Marcil cannot conceivably affect Stupin's bankruptcy estate. Marcil is a non-debtor. Their guaranty obligations are expressly "independent" of the Borrowers' obligations. (Thuma Decl. ¶4, Ex 2.) The Guaranty Agreements further provide that "[a] separate action or actions may be brought and prosecuted against Guarantor whether action is brought against Borrower or any other guarantor or whether Borrower or any other guarantor be joined in any such action or actions." (*Id.*) A judgment for or against Marcil on his guaranty obligations will not alter Debtor Stupin's rights, liabilities, options, or freedom of action, nor otherwise affect administration of the bankruptcy estate. Regardless of how the bankruptcy case proceeds, Marcil's obligations under the separate Guaranty Agreement remain independently enforceable.

The absence of any conceivable effect on the estate is even clearer because the Guaranty Agreements expressly waive any rights of contribution, reimbursement, indemnification, or subrogation among the guarantors. As a result, adjudication of WAB's claims against Marcil cannot give rise to derivative claims against Debtor Stupin or otherwise impact the administration of the bankruptcy estate.

Courts in analogous circumstances have repeatedly held that breach of guaranty claims against a non-debtor guarantor are not "related to" the bankruptcy of the primary obligor because the guarantor's obligation is independent and its resolution does not impact the estate. *See Underhill v. Royal*, 769 F.2d 1426, 1432 (9th Cir. 1985) ("The bankruptcy court can affect only the relationships of debtors and creditor. It has no power to affect the obligations of guarantors.") (citation omitted); *TIG Ins. Co. v. Smolker (In re Tig Ins. Co.)*, 264 B.R. 661, 666–67 (Bankr. C.D. Cal. 2001) (finding claims against non-debtors not "related to" bankruptcy and remanding entire action; "a bankruptcy court cannot retain jurisdiction that it does not have") (emphasis omitted).

The fact that Debtor Stupin and Marcil share certain factual defenses does not create "related to" jurisdiction. "[T]he mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the

WESTERN ALLIANCE BANK'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT

scope of section 1334(b). Judicial economy itself does not justify federal jurisdiction." *Pacor*, 743 F.2d at 994. The existence of overlapping factual issues or similar defenses does not create federal jurisdiction where the outcome of the non-debtor claims cannot affect the estate. Although the Notice of Removal asserts that Marcil shares "identical" defenses with the Stupin, Marcil's liability turns on his own independent guaranty obligations, not on Stupin's bankruptcy case. The mere fact that the claims against Marcil were asserted in the same state-court action as claims against the Stupin does not transform otherwise independent non-debtor disputes into matters "related to" the bankruptcy case.

Because the claims between WAB and Marcil fall outside the scope of this Court's bankruptcy jurisdiction, remand of those claims is mandatory. *Bethlahmy v. Kuhlman* (*In re ACI-HDT Supply Co.*), 205 B.R. 231, 238 (B.A.P. 9th Cir. 1997) (ordering remand where there was no subject matter jurisdiction); *In re McCarthy*, 230 B.R. at 418 (affirming remand of entire action where subject matter jurisdiction as to non-debtor defendant is "more attenuated").

**B.      There Is No Credible Risk Of Collateral Estoppel Or Issue Preclusion**

There is no credible risk of collateral estoppel or issue preclusion arising from adjudication of WAB's claims against Marcil.

Collateral estoppel applies only against a party to the prior proceeding or one in privity with that party. *DKN Holdings LLC v. Faerber,* 61 Cal. 4th 813, 825 (2015). As discussed above, Marcil is independently liable for his own Guaranty Agreement. Any determination regarding the Marcil's guaranty obligations therefore would not bind Debtor Stupin, who is not a party to those claims. Nor is Debtor Stupin in privity with Marcil. As the California Supreme Court has explained, joint and several liability does not create the kind of aligned interests necessary to establish privity for purposes of issue preclusion. *See DKN Holdings LLC*, 61 Cal. 4th at 826 ("A nonparty alleged to be in privity must have an interest so similar to the party's interest that the party acted as the nonparty's 'virtual representative' in the first action. . . . Joint and several liability alone does not create such a closely aligned interest between co-obligors.").

Courts consistently reject attempts to invoke speculative concerns regarding collateral estoppel, precedential effect, or overlapping factual findings as a basis for extending bankruptcy

#4919-1718-3167 v4

21

protections to non-debtors. In *Queenie, Ltd. v. Nygard Int'l,* the Second Circuit held that the mere possibility of offensive collateral estoppel does not justify extending bankruptcy protections to non-debtors. 321 F.3d 282, 288 (2d Cir. 2003). The court explained that fear of "collateral estoppel or the precedential effect of an adverse decision" provides no basis for interfering with proceedings against non-debtors and warned that accepting such a theory would result in "vast and unwarranted interference with creditors' enforcement of their rights against non-debtor co-defendants." *Id.* That reasoning applies here.

### C.    The Court Should Decline To Adjudicate Marcil's Claims

Even if the Court possessed subject matter jurisdiction over WAB's claims against Marcil, which it does not, the Court should decline to exercise that jurisdiction. The equitable remand and abstention considerations discussed above, *see supra* Section III, B, apply with even greater force to the WAB-Marcil claims. In particular, the claims arise under California law, there is no independent basis for federal jurisdiction apart from section 1334, and Marcil is a non-debtor whose only connection to the bankruptcy case is that he executed a separate guaranty relating to the same credit facility.

Moreover, Marcil expressly agreed that all claims, controversies, and disputes arising from the Guaranty Agreement would be resolved through a judicial-reference proceeding before a Referee pursuant to C.C.P. section 638 et seq. (Thuma Decl.¶ 1, Ex. 2.) The parties' contractual selection of a California adjudicative forum strongly favors remand. *See Great Western Bank v. Clear Vision Express Tucson 2 LLC,* No. CV-21-00883-PHX-MTL, 2021 WL 4593073, at *4 (D. Ariz. Oct. 6, 2021) (remanding claims against guarantors despite the borrower's bankruptcy in order to "give weight and protect the legitimate expectations of the parties") (citation omitted).

Indeed, "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Court,* 571 U.S. 49, 63 (2013) (brackets omitted). No such exceptional circumstances exist here. To the contrary, retaining jurisdiction over the Marcil claims would override the parties' agreed dispute-resolution mechanism, duplicate proceedings already substantially underway before the Referee, and further fragment a long-pending California commercial dispute involving overwhelmingly non-

WESTERN ALLIANCE BANK'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE
COURT

bankruptcy issues.

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, all claims removed from the State Court Action should be remanded. Alternatively, the claims between WAB and Gerald J. Marcil should be remanded.

Dated: July 27, 2026                Respectfully Submitted

By:  */s/ Michael S. Myers*
<u>                                        </u>
Craig Solomon Ganz
Michael S. Myers
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

*Attorneys for Western Alliance Bank*

#4919-1718-3167 v4                                    23

WESTERN ALLIANCE BANK'S MOTION FOR ORDER REMANDING REMOVED CLAIMS TO STATE COURT