# Exhibit 4

# COURT ORDER

CASE NUMBER: **25STCV24263**

CASE NAME: *Western Alliance Bank vs. Cantor Group LLC, et al.*

TYPE OF MOTION: Motion to Compel Judicial Reference

FILING PARTY: Plaintiff Western Alliance Bank

RESPONDING PARTY: (1) Defendant Gerald J. Marcil
(2) Defendant Andrew Stupin

**FILED**
Superior Court of California
County of Los Angeles

**JUN 1 1 2026**

David W. Slayton, Executive Officer/Clerk of Court
By: H. Garcia, Deputy

HEARING DATE: May 6, 2026

## Case Background

The complaint alleges Plaintiff Western Alliance Bank (Plaintiff) loaned $100 million to Cantor Group V, LLC (Cantor), which was guaranteed by Gerald J. Marcil (Marcil) and Andrew Stupin (Stupin). Plaintiff has brought the instant action to enforce the outstanding balance on the loan which is approximately $98.6 million.

On August 18, 2025, Plaintiff filed a complaint against Defendants Cantor, Marcil, and Stupin (collectively, Defendants) asserting causes of action for: (1) Breach of Contract (against Cantor); (2) Breach of Guaranty Agreements (against Marcil and Stupin); (3) Appointment of Receiver (against Cantor); (4) Specific Performance/Turnover (against Cantor); (5) Declaratory Relief (against Defendants); (6) Fraudulent Concealment (against Cantor); and (7) Negligent Misrepresentation (against Cantor).

On September 22, 2025, Defendants filed their respective answers.

On September 25, 2025, Plaintiff filed a motion for appointment of a receiver which was granted by the Court on October 31, 2025.

On October 28, 2025, Plaintiff filed a stipulation and joinder for appointment of receiver which was granted by the court on October 24, 2025.

On December 23, 2025, Plaintiff filed a motion for enforcement of receivership order which was granted by the Court on February 17, 2026.

On January 9, 2026, Plaintiff filed the instant motion to compel judicial reference under Code of Civil Procedure section 638.

On February 19, 2026, Stupin filed an opposition.

On February 19, 2026, Marcil filed an opposition.

1

On March 4, 2026, Plaintiff filed a reply.

On March 13, 2026, Marcil filed an objection and request to strike Plaintiff's reply.

On March 26, 2026, Plaintiff filed an objection and request to strike Marcil's objection and request to strike.

On April 21 and 24, 2026, Stupin filed a notice of stay of proceedings (bankruptcy).

**Instant Pleading**

Plaintiff moves the Court, pursuant to Code of Civil Procedure section 638, for an order compelling judicial reference.

**Objections and Requests to Strike**

Marcil moves to strike and exclude from the record Plaintiff's reply in its entirety, or alternatively, at least those portions of the reply that cite to and rely upon *O'Donoghue v. Superior Court* (2013) 219 Cal. App. 4th 245.

In response, Plaintiff moves to strike Marcil's objection and request to strike on the grounds that such filing is an unauthorized sur-reply raising new legal argument.

The objections are OVERRULED and requests to strike are DENIED. To the extent that any of the submitting briefings contain improper matter, the Court will simply disregard the offending or improper content.

**Decision**

The motion for judicial reference pursuant to Code of Civil Procedure section 638 is GRANTED as to Defendants Cantor and Marcil.

**Bankruptcy**

On April 21 and 24, 2026, Stupin filed a notice of stay proceedings due to Stupin's filing of a bankruptcy case. Accordingly, the matter is stayed as to Stupin.

**Discussion**

Plaintiff moves the Court, pursuant to Code of Civil Procedure section 638, for an order compelling judicial reference. Specifically, Plaintiff argues that the parties entered into a valid and enforceable agreement to resolve Plaintiff's claims, arising out of the Loan and Guaranty Agreements between the parties, by general judicial reference before a retired judge.

As an initial matter, the Court notes that Cantor has failed to file an opposition to the instant motion.

Code of Civil Procedure section 638 specifies that "[a] referee may be appointed…upon the motion of a party to a written contract or lease that provides that any controversy arising

2

therefrom shall be heard by a referee if the court finds a reference agreement exists between the parties." (Code Civ. Proc., § 638.) When appointed pursuant to section 638, the referee has the authority "[t]o hear and determine any or all of the issues in an action or proceeding, whether of fact or of law, and to report a statement of decision." (*Ibid.*, § 638(a).) However, a court is not required to appoint a referee simply because the parties have entered into an otherwise valid pre-dispute reference agreement, rather, a court retains discretion to deny the motion. (*Tarrant Bell Property, LLC v. Superior Court* (2011) 51 Cal.4th 538, 542-545.)

A motion to compel judicial reference is essentially analogous to a motion to compel arbitration, and similar authorities and principles may be relied upon in arguing or opposing the motion. (See *O'Donoghue v. Superior Court* (2013) 219 Cal.App.4th 245.) However, unlike with arbitration, the statutory language and legislative history of section 638 provide a trial court with discretion to deny a request for judicial reference even where there is a valid reference agreement. (See *Tarrant Bell Property, LLC v. Superior Court* (2011) 51 Cal.4th 538, 542-546.)

### Existence of a Reference Agreement

Plaintiff argues that the parties have contracts to have the core disputes of the instant litigaiton over discovery, liability, guaranty enforcement, and damages be decided by a neutral retired judge. Plaintiff argues that absent waiver, delay, bad faith, or prejudice, the contractual language controls and the matter should be compelled to judicial reference pursuant to Code of Civil Procedure section 638.

Additionally, Plaintiff argues that Marcil agreed to judicial reference and only reneged such agreement after Plaintiff served its motion for summary adjudication. Specifically, Plaintiff states that on December 22, 2025, Plaintiff sent an email seeking to confirm whether all parties would agree to stipulate judicial reference. (Ganz Decl., ¶ 2, Exhibit A.) In response to the December 22, 2025, email, Counsel for Marcil responded stating "we agree the judicial reference provision applies to the claims asserted in this action." (Ganz Decl., Exhibit A.) However, Counsel for Marcil later sent an email stating "we agree his Guaranty contains a judicial reference provision at paragraph 45 but reserve all rights as to whether that provision remains enforceable or has been waived in light of the substantial state court activity to date, including not only provisional relief but also discovery etc." (*Ibid.*)

As stated above, a motion to compel judicial reference is essentially analogous to a motion to compel arbitration, and similar authorities and principles may be relied upon in arguing or opposing the motion. (See *O'Donoghue v. Superior Court* (2013) 219 Cal.App.4th 245.)

Moving party has the initial burden of producing "prima facie evidence of a written agreement to arbitrate the controversy." (*Gamboa v. Northeast Community Clinic* (2021) 72 Cal.App.5th 158, 165.) The moving party may satisfy its initial burden by "attaching to the [motion or] petition a copy of the arbitration agreement purporting to bear the [opposing party's] signature," or "[a]lternatively, the moving party can meet its burden by setting forth the agreement's provisions in the motion." (*Ibid.*) At the initial step of a motion to compel arbitration, a movant "need not follow the normal procedures of document authentication' and need only 'allege the existence of an agreement and support the allegation'" by stating the provisions verbatim or attaching a copy and incorporating it be reference. (*Iyere v. Wise Auto Group* (2023) 87 Cal.App.5th 747,

June 25, 2026

3

755; Cal. Rules of Court, rule 3.1330; see *Condee v. Longwood Mgmt. Corp.* (2001) 88 Cal. App.4th 215, 218 ["For purposes of a petition to compel arbitration, it is not necessary to follow the normal procedures of document authentication."].) Defendant need only establish the valid arbitration agreement by a comparatively low standard, a preponderance of the evidence. (*Giuliano v. Inland Empire Personnel, Inc.* (2007) 149 Cal.App.4th 1276, 1284.)

Here, the Court finds that a judicial reference agreement, signed by all parties to the action, exists. The Loan Agreement executed on July 18, 2025, contains a comprehensive judicial reference provision. Specifically, the judicial reference provision states:

> "9.22 Judicial Reference. If any action, suit, investigation, or proceeding is filed in a court of the State of California (the "Court") by or against any party hereto in connection with any controversy, dispute or claim directly or indirectly arising out of or relating to this Agreement or the transactions contemplated hereby (whether based on contract, tort or any other theory) (each, a "Claim") . . . in such action or proceeding the parties hereto agree as follows:
>
>> 9.22.1 With the exception of the matters specified in subsection (b) below, any Claim will be determined by a general reference proceeding in accordance with the provisions of the California Code of Civil Procedure Sections 638 through 645.1. The parties intend this Section to be specifically enforceable in accordance with California Code of Civil Procedure Section 638. . . . .
>>
>> 9.22.2 The following matters shall not be subject to a general reference proceeding: (1) non-judicial foreclosure of any security interests in real or personal property, (2) exercise of self-help remedies (including, without limitation, set-off), (3) appointment of a receiver and (4) temporary, provisional or ancillary remedies (including, without limitation, writs of attachment, writs of possession, temporary restraining orders or preliminary injunctions). This Agreement does not limit the right of any party to exercise or oppose any of the rights and remedies described in clauses (1) through (4) and any such exercise or opposition does not waive the right of any party to a reference proceeding pursuant to this Agreement.
>>
>> 9.22.3 Upon the written request of any party, the parties shall select a single referee, who shall be a retired judge or justice. If the parties do not agree upon a referee within ten (10) days of such written request, then, any party may request the court to appoint a referee pursuant to California Code of Civil Procedure Section 640(b). A request for appointment of a referee may be heard on an ex parte or expedited basis, and the parties agree that irreparable harm would result if ex parte relief is not granted."

(Thuma Decl., ¶ 4, Exhibit 1.)

Additionally, the relevant guaranty agreements executed by Stupin and Marcil on October 28, 2024, each contain the following provision:

> "45. Judicial Reference. The parties hereby agree that any claims, controversies, disputes,

4

or questions of interpretation, whether legal or equitable, arising out of, concerning or related to this Guaranty and all Loan Documents related thereto shall be heard by a single referee by consensual general judicial reference pursuant to the provisions of California Code of Civil Procedure Sects 638 et seq., who shall determine all issues of fact or law and to report a statement of decision. The Referee shall also have the power to hear and determine proceedings for ancillary relief, including, but not limited to, applications for attachment, issuance of injunctive relief, appointment of a receiver, and/or claim and delivery. The costs of the proceeding shall be borne equally by the parties to the dispute, subject to the discretion of the referee to allocate such costs based on a determination as to the prevailing party(ies) in the proceeding. By initialing below the parties acknowledge that they have read and understand the foregoing judicial reference provisions and understand that they are waiving their right to a jury trial."

(Thurma Decl., ¶¶ 6-7, Exhibit 2-3.)

As such, Plaintiff has met its initial burden of proving the existence of a reference agreement between the parties. Additionally, the Court finds that the reference provision covers the instant dispute because Plaintiffs claims fall squarely within the reference agreement's provisions which expressly encompass actions that arise out of or relate to the loan and guaranty agreements.

*Waiver*

In opposition, Marcil does not argue the lack of an applicable judicial reference provision. Rather, Marcil argues that the instant motion should be denied because Plaintiff has waived the right to the appointment of a judicial referee as Plaintiff has taken numerous substantive actions designed to advance the prosecution of the instant action.

Under Code of Civil Procedure section 1281.2, "the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: (a) The right to compel arbitration has been waived by the petitioner; or (b) Grounds exist for rescission of the agreement." (Code Civ. Proc., § 1281.2(a)-(b).)

To determine whether parties seeking to enforce a contractual right waived a right to do so, California courts apply the same principles that apply to other contract types and no longer require prejudice in order to find waiver. (*Quach v. California Commerce Club, Inc.* (2024) 16 Cal.5th 562, 569.)[1] Participating in litigation does not by itself waive a party's right to later seek to arbitrate the matter, but the request must be in a reasonable time, and at some point continued litigation justifies a waiver finding, as a fact question, considering the party's actions as a whole in determining whether the conduct was inconsistent with the intent to arbitrate. (*Desert Regional Medical Center, Inc. v. Miller* (2022) 87 Cal.App.5th 295, 316, 321.)

---

[1] In opposition and at hearing, Counsel for Defendant Marcil argues that Plaintiff and Plaintiff's Counsel rely on superseded authority abrogated by *Quach*. Counsel argues that reliance on such authority is a violation of the Rules of Professional Conduct. In reply, Plaintiff's Counsel argues that *Quach* does not eliminate the standard articulated *O'Donoghue* as applied in the judicial reference context. The Court construes the parties dispute as one concerning the interpretation and application of *Quach*, rather than an issue of attorney misconduct.

5

"To establish wavier under generally applicable contract law, the party opposing enforcement of a contractual agreement must prove by clear and convincing evidence that the waiving party knew of the contractual right and intentionally relinquished or abandoned it." (*Quach*, 16 Cal.5th at 584.) "Intentional relinquishment or abandonment of the right to arbitrate may be (1) express, by evidence of words expressing an intent to relinquish the relinquish the right, or (2) implied, by conduct – including litigating the case in a judicial forum – that is so inconsistent with an intent to enforce the contractual right to arbitrate as to lead a reasonable fact finder to conclude that the party had abandoned it. [Citations.]" (*Hofer v. Boladian* (2025) 111 Cal.App.5th 1, 10-11 [internal quotations omitted].)

Here, the Court finds that Marcil has not established by clear and convincing evidence that Plaintiff has "intentionally relinquished or abandoned" its right to seek judicial reference pursuant to Code of Civil Procedure section 638.

As an initial matter, the Court finds that at the time of the filing of the complaint, Plaintiff was aware of its right to compel the instant matter to judicial reference. (See Complaint, ¶ 20.)

In opposition, Marcil argues that Plaintiff waived the right to seek judicial reference because Plaintiff obtained provisional relief in the form of a receivership over Cantor, filed a motion for summary adjudication, and served and engaged in discovery all while waiting several months before bringing the instant motion. (Opposition, p. 11-14.) However, the Court does not find that such conduct, under the circumstances of this case, establish waiver of Plaintiff's judicial reference right.

First, the loan agreement's judicial reference provision expressly carves out receivership and other provisional remedies.[2] (See Thuma Decl., ¶ 4, Exhibit 1; § 9.22.2.) Marcil notes that the reference provision contained in the guaranty agreement states that "[t]he Referee shall also have the power to hear and determine proceedings for ancillary relief, including, but not limited to…appointment of a receiver…." (Thurma Decl., ¶¶ 6-7, Exhibit 2-3.) However, the mere fact that the guarantors reference provision grants the referee the power to appoint receivers does not automatically mean that obtaining a receivership waives Plaintiff's reference right particularly where Plaintiff obtained a receivership against Cantor under the loan agreement which explicitly permitted such relief. In other words, the Court does not find that such action is fundamentally inconsistent with Plaintiff's intent to pursue reference under the circumstances.

Second, the summary adjudication motion filed by Plaintiff on December 24, 2025, provides that it "is filed for hearing and decision by the judicial referee to be appointed pursuant to the Parties' contractual judicial reference agreement and California Code of Civil Procedure §§ 638-645.1." (See 12/24/2025 Motion for Summary Adjudication.) Such language demonstrates Plaintiff's intent to invoke the judicial reference provisions, not abandon them.

---

[2] Section 9.22.2 of the agreement provides that: "9.22.2 The following matters shall not be subject to a general reference proceeding: (1) non-judicial foreclosure of any security interests in real or personal property, (2) exercise of self-help remedies (including, without limitation, set-off), (3) appointment of a receiver and (4) temporary, provisional or ancillary remedies (including, without limitation, writs of attachment, writs of possession, temporary restraining orders or preliminary injunctions). This Agreement does not limit the right of any party to exercise or oppose any of the rights and remedies described in clauses (1) through (4) and any such exercise or opposition does not waive the right of any party to a reference proceeding pursuant to this Agreement."

Third, unlike with arbitration, judicial reference under Code of Civil Procedure section 638 provides parties with the same rights to discovery before a judicial referee as they would otherwise have in court. (*O'Donoghue, supra,* 219 Cal.App.4th at 265; see also *Sy First Family Ltd. Partnership v. Cheung* (1999) 70 Cal.App.4th 1334, 1341 ["The hearing before a referee is conducted in the same manner as it would be before a court under the rules of evidence applicable to judicial proceedings."].) As such, the Court agrees with Plaintiff that the mere service of discovery, without more, does not establish a clear and intentional abandonment of the right to compel judicial reference.

Accordingly, the Court finds that Marcil has failed to establish, by clear and convincing evidence, that Plaintiff "intentionally relinquished or abandoned" its right to seek judicial reference pursuant to Code of Civil Procedure section 638.

*Nominations*

Plaintiff proposes the following retired judges to serve as the appointed referee. Marcil does not challenge the nominees put forth by Plaintiff.

    (1) Hon. Candace Cooper (Ret.): Justice Cooper served on the California Court of Appeal, following prior service as a judge of the Los Angeles Superior Court.
    (2) Hon. Raymond J. Ikola (Ret.): Justice Ikola served on the California Court of Appeal, following prior service as a judge of the Orange County Superior Court.
    (3) Hon. David H. Brickner (Ret.): Judge Brickner served on the Los Angeles Superior Court.

## Conclusion

Based on the foregoing, the motion for judicial reference pursuant to Code of Civil Procedure section 638 is GRANTED as to Defendants Cantor and Marcil.

The Court appoints Hon. Candace Cooper (Ret.) to serve as the appointed referee. Plaintiff is to prepare and submit a proposed order, with the signature of the appointed referee, within 20 days of this order.

Dated: 6/11/26

CHEROL J. NELLON, JUDGE
JUDGE

Hon. Candace Cooper (Ret.)

June 25, 2026

7